RAY KIM LAW, APC
Raymond Y. Kim (SBN 251210)
355 South Grand Avenue, Suite 2450
Los Angeles, CA 90071
Telephone: 833-729-5529
Facsimile: 833-972-9546
E-mail: ray@raykimlaw.com

Attorneys for Plaintiffs
Falon Ballard and Matthew Ballard

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Falon Ballard and Matthew Ballard, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>Citadel Servicing Corporation, a/k/a Acra Lending; and DOES 1-5,<br><br>　　　　　Defendants. | Case No.: _____<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**CLASS ACTION COMPLAINT**

Plaintiffs Falon Ballard and Matthew Ballard ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their attorneys, bring this Class Action Complaint against defendant Citadel Servicing Corporation, a/k/a and d/b/a Acra Lending ("Citadel")[1], and alleges as follows:

## SUMMARY OF ACTION

1. Plaintiffs bring this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Citadel with respect to its credit reporting and mortgage servicing practices. Specifically, Citadel inaccurately reported Plaintiffs' mortgage loan (the "Loan") as past due even though Plaintiffs timely made all required payments, failed to conduct a reasonable investigation in response to Plaintiffs' disputes submitted to credit bureaus and Citadel directly, and demanded money for missed payments that Plaintiffs did not owe.

2. In so doing, Citadel violated the: (i) California Consumer Credit Reporting Agencies Act ("CCRAA"); (ii) federal Fair Credit Reporting Agencies Act ("FCRA"), 15 U.S.C. § 1681s-2(a)(1)(F) (the "CARES Act"); (iii) Rosenthal Fair Debt Collection Practices Act ("Rosenthal Act"); (iv) FCRA, 15 U.S.C. § 1681s-2(b).

3. With respect to Citadel's unlawful credit reporting practice, pursuant to Civil Code § 1785.31, Plaintiffs seek an injunction for themselves and others similarly situated ordering that Citadel not report loans receiving an "accommodation" (as defined by the CARES Act) as past due if the loan was current before the accommodation was provided by Citadel.

## THE PARTIES

4. Plaintiffs are consumers residing in the State of California, Orange County. Plaintiffs' home at issue is in Orange County, California.

---

[1] On Acra Lending's website, it states that it "rebranded" Citadel Servicing Corporation as Acra Lending. Citadel and Acra Lending jointly hold a license with the California Department of Financial Innovation and Protection.

- 2 -
**CLASS ACTION COMPLAINT**

5. Defendant Citadel Servicing Corporation is a national mortgage lender and servicer. Citadel is headquartered in Orange County, California and regularly does business in California.

6. Doe Defendants 1-5 are the other companies or individuals responsible for the credit reporting and servicing of Plaintiffs' Loan.

## JURISDICTION AND VENUE

7. This is an action brought under 15 U.S.C. § 1681n and § 1681o of the FCRA. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 because it arises under the laws of the United States.

8. Citadel is headquartered in and regularly conducts business within the State of California, County of Orange, which means personal jurisdiction is established.

9. Venue in this district is proper under 28 U.S.C. § 1391(b)(2) because Citadel resides in this district and a substantial part of the events giving rise to the claim occurred in this district.

## STATEMENT OF FACTS

10. In April 2019, Plaintiffs obtained a personal home mortgage loan (the "Loan") for their residence in Orange County, California (the "Property"). The Loan was serviced by Citadel.

11. After obtaining the Loan, Plaintiffs made all required monthly Loan payments on time.

12. Plaintiffs' finances were adversely impacted by COVID-19. On or about March 27, 2020, due to their financial hardships Plaintiffs contacted Citadel for a payment accommodation. Citadel agreed to defer two monthly payments on the Loan, for the months of April and May 2020. Citadel agreed to defer at least two additional monthly payments for the months of September and October 2020.

13. Other than the four deferred payments, Plaintiffs timely made payments on the Loan every month.

**CLASS ACTION COMPLAINT**

14. In December 2020, Citadel sent Plaintiff a Notice of Intent to Foreclose on the Property, claiming that the Loan had a past due amount of $9,926.79. The Loan was not past due at this time, or anytime thereafter.

15. Based on the low interest rates being offered to homeowners, in early 2021 Plaintiffs began looking to refinance the Loan on the Property.

16. In June 2021, Plaintiffs learned that their credit score had dropped approximately 200 points. The reduction in score was due to Citadel's inaccurate reporting of the Loan as past due.

17. Plaintiffs were unable to refinance the Loan as a result of Citadel's inaccurate credit reporting.

18. In June 2021, Plaintiffs contacted Citadel about the credit reporting errors. On June 16, Citadel acknowledged in writing to Plaintiffs that it had made credit reporting errors and stated that it had corrected them.

19. In July 2021, Citadel was still inaccurately reporting the Loan as past due. On July 30, 2021, Citadel notified Plaintiffs yet again that it had corrected the credit reporting errors.

20. In August 2021, Citadel was still inaccurately reporting the Loan as past due. On August 14, Plaintiffs emailed a supervisor at Citadel about the errors. The Citadel supervisor confirmed that the errors had been corrected. On September 10, 2021, Citadel notified Plaintiffs yet again that it had corrected the credit reporting errors

21. Throughout this entire period, Plaintiffs made timely payments on the Loan.

22. On September 16, 2021, Citadel sent Plaintiffs a collection notice. The subject line of the notice was entitled: "Please Contact Us about Your Recently Missed Mortgage Payment." Plaintiffs had not missed a Loan payment.

**CLASS ACTION COMPLAINT**

23. In late September 2021, Plaintiffs submitted a dispute to Equifax about the inaccurate reporting. On information and belief, Equifax sent the dispute to Citadel.

24. On October 14, 2021, Equifax issued a response stating, *inter alia*, that, "THIS CREDITOR HAS VERIFIED TO OUR COMPANY THAT THE PRIOR PAYING HISTORY IS BEING REPORTED CORRECTLY." (emphasis in original). Among other things, the Equifax report showed the Loan being reported as past due for two months.

25. Citadel continued to report the Loan as past due.

26. On March 1, 2022, Plaintiffs emailed Citadel about the inaccurate reporting by Citadel. On March 18, 2022, Citadel responded stating that it had "confirmed inaccurate account information was furnished to the credit reporting agencies on your credit report. On March 18, 2022, a credit correction was submitted to remove the negative credit reporting furnished in your credit report."

27. In April 2022, following nearly a year of communications and disputes with Citadel, Citadel finally removed the inaccurate past due information from Plaintiffs' credit reports, and Plaintiffs were finally able to finalize a refinance loan.

28. By then, the interest rates had gone up significantly, and Plaintiffs were forced to settle for a much higher interest rate on their refinance loan.

## CLASS ACTION ALLEGATIONS

29. Plaintiffs bring this action on behalf of themselves and all others similarly situated (the "Classes"), pursuant to Federal Rule of Civil Procedure 23(b)(2) and 23(b)(3) on behalf of the Classes defined as follows:

**Debt Collection Class**

All persons in California who received a payment "accommodation" from Citadel as that term is defined by the CARES Act, were current before the accommodation, and received a past due debt collection notice as a result of the non-payments subject to the accommodation, during the relevant statute of limitations period.

**Credit Reporting Class**

All persons in the United States who received a payment "accommodation" from Citadel as defined by the CARES Act, were current before the accommodation, and whose accounts were reported as delinquent or past due as a result of the non-payments subject to the accommodation, during the relevant statute of limitations period.

30. Excluded from the Classes are: (1) Citadel, any entity or division in which Citadel has a controlling interest, and their legal representatives, officers, directors, assigns, and successors; and (2) the Judge to whom this case is assigned and the Judge's staff. Plaintiffs reserve the right to amend or expand the Classes' definitions to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

31. Plaintiffs and members of the Debt Collection Class were harmed by the acts of Citadel in at least the following ways: Citadel sent unlawful collection notices to Plaintiffs and Debt Collection Class members for amounts that they did not owe and were not past due, and this statutory violation caused Plaintiffs and Debt Collection Class members to expend time and costs in postage in communicating with Citadel to resolve Citadel's error, emotional distress, and invasion and intrusion upon their privacy.

32. Common questions of fact and law exist as to all members of the Debt Collection Class, which predominate over any questions affecting only Plaintiffs or individual members of the Debt Collection Class. These common legal and factual questions, which do not vary between the Debt Collection class members, and which may be determined without reference to the individual circumstances of any Debt Collection Class members, include, but are not limited to, the following:

    a) Whether, within one year prior to the filing of this Complaint, Citadel sent a collection notice to a Debt Collection Class member who received an "accommodation" during the "covered period" while current on their loan;

      b)   Whether Plaintiff and the Debt Collection Class members were damaged thereby, and the extent of damages for such violation; and

      c)   Whether such conduct is unlawful;

      d)   Whether Citadel should be enjoined from engaging in such conduct in the future.

33. As a person that who received an accommodation from Citadel at the time they were current on their loan, and then received a debt collection notice for non-payments relating to the accommodation, Plaintiffs are asserting claims that are typical of the Debt Collection Class.

34. Plaintiff and members of the Credit Reporting Class were harmed by the acts of Citadel in at least the following ways: Citadel provided an accommodation to Plaintiffs and Credit Reporting Class members and then reported them as past due even when they were current when they received the accommodation, and this statutory violation caused Plaintiffs and Credit Reporting Class members to expend time and costs in postage in communicating with Citadel to resolve Citadel's error, emotional distress, and economic losses including higher interest rates on credit products, including refinance loans.

35. Common questions of fact and law exist as to all members of the Credit Reporting Class which predominate over any questions affecting only individual members of the Credit Reporting Class. These common legal and factual questions, which do not vary between the Credit Reporting class members, and which may be determined without reference to the individual circumstances of any Credit Reporting Class members, include, but are not limited to, the following:

      a)   Whether, within the two years prior to the filing of this Complaint, Citadel reported a Credit Reporting Class member who received an "accommodation" when they were current on their loan, as past due;

- 7 -
**CLASS ACTION COMPLAINT**

b) Whether Plaintiffs and the Credit Reporting Class members were damaged thereby, and the extent of damages for such violation;

c) Whether Citadel's conduct was unlawful; and

d) Whether Citadel should be enjoined from engaging in such conduct in the future.

36. As a person that who was current on the loan, received an accommodation from Citadel, and then was reported by Citadel as past due, Plaintiffs are asserting claims that are typical of the Credit Reporting Class.

37. The members of the Classes are so numerous that joinder of all members would be unfeasible and impractical. The membership of the Classes is currently unknown to Plaintiffs at this time; however, given that, on information and belief, Citadel serviced thousands of mortgages in California during the applicable statute of limitations periods, it is reasonable to presume that the members of the Debt Collection Class and Credit Reporting Class are so numerous that joinder of all members is impracticable. The disposition of their claims in a class action is a superior method to individual actions and will provide substantial benefits to the parties and the Court.

38. Plaintiffs will fairly and adequately protect the interest of the members of the Classes because Plaintiffs have no interests which are adverse to the interest of absent class members and because Plaintiffs have retained counsel who possess significant class action litigation experience regarding alleged violations of consumer statutes.

39. A class action is superior to other available methods of fair and efficient adjudication of this controversy because individual litigation of each of the claims of the members of the Classes is impracticable. Even if every Class member could afford individual litigation, the court system could not. It would be unduly burdensome to the courts in which individual litigation of numerous issues would proceed. Individualized litigation would also present the potential for varying, inconsistent, or contradictory judgments and would magnify the delay and expense to all parties and to

the court system resulting from multiple trials of the same complex factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and of the court system, and protects the rights of each Class member.

40. The prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Classes members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

41. Citadel has acted or refused to act in respects generally applicable to the Classes, thereby making appropriate final and injunctive relief with regard to the members of the Classes as a whole.

## FIRST CAUSE OF ACTION
## CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT
### California Civil Code §1785.25(a)
### (On Behalf Of Plaintiffs And The Credit Reporting Class)

42. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

43. As the furnisher of information to credit reporting agencies, Citadel is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Section 1785.25(a) of the CCRAA.

44. 15 U.S.C. § 1681s-2(a)(1)(F) of the FCRA governs "Reporting information during COVID-19 pandemic" (hereinafter referred to as the "CARES Act"). Section 1681s-2(a)(1)(F) provides in pertinent part:

> Except as provided in clause (iii), if a furnisher makes an accommodation with respect to 1 or more payments on a credit

obligation or account of a consumer, and the consumer makes the payments or is not required to make 1 or more payments pursuant to the accommodation, the furnisher shall -- (I) report the credit obligation or account as current[.]

45. The CARES Act defines an "accommodation" as "an agreement to defer 1 or more payments, make a partial payment, forbear any delinquent amounts, modify a loan or contract, or any other assistance or relief granted to a consumer who is affected by the coronavirus disease 2019 (COVID-19) pandemic during the covered period." 15 U.S.C. § 1681s-2(a)(1)(F)(i)(I).

46. Citadel reported the Loan, and loans of members of the Credit Reporting Class, as past due even though these loans were current before the accommodation.

47. By failing to comply with the CARES Act, Citadel has violated its obligations under Section 1785.25(a) of the CCRAA by reporting false information that the Loan was past due, even though the Loan was in fact current before Plaintiffs received the accommodation. The Loan was not past due, before Citadel's provision of the accommodation. Citadel knows this and had knowledge and was fully aware of the inaccurate reporting, but still continued to report the Loan as past due in violation of the CARES Act and the CCRAA.

48. Every month that Citadel continued to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

49. Such false and inaccurate reporting has caused Plaintiff actual damages as set forth in the Statement of Facts, including an inflated interest rate on a refinance loan that was delayed by Citadel's reporting, and emotional distress, loss of sleep, and anxiety.

50. Citadel's violations were negligent at a minimum, as a reasonable person would have known that the Account payment history was not accurate, factually or legally.

51. Citadel's violations were also willful, in that Citadel acted with knowledge, intent, and such a high degree of risk of committing a legal violation that was higher than mere carelessness, because Citadel received notices from Plaintiffs that the Loan was not past due and agreed multiple times to correct to the reporting but thereafter continued to report the Loan as past due.

## SECOND CAUSE OF ACTION

## ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

### California Civil Code §1788, *et seq*.

### (On Behalf Of Plaintiffs And The Debt Collection Class)

52. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

53. Citadel is a debt collector under the Rosenthal Act.

54. Citadel's acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to the violations of Section 1788.17.

55. The CARES Act defines an "accommodation" as "an agreement to defer 1 or more payments, make a partial payment, forbear any delinquent amounts, modify a loan or contract, or any other assistance or relief granted to a consumer who is affected by the coronavirus disease 2019 (COVID-19) pandemic during the covered period." 15 U.S.C. § 1681s-2(a)(1)(F)(i)(I).

56. Citadel agreed to provide Plaintiffs and members of the Debt Collection Class an accommodation to defer 1 or more payments.

57. Citadel violated California Civil Code section 1788.17 (via incorporation of 15 U.S.C. § 1692e), by making false, deceptive and/or misleading representations in an attempt to collect on amounts subject to the

accommodation. This included but is not limited to, falsely stating that Plaintiffs were past due and owed thousands of dollars, and attempting to collect payments on the Loan that Plaintiffs did not owe by virtue of the accommodation.

58. As a result of Citadel's violations, Plaintiffs are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs.

## THIRD CAUSE OF ACTION

### CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

### California Civil Code §1785.25(a)

### (On Behalf Of Plaintiffs Only)

59. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

60. As the furnisher of information to credit reporting agencies, Citadel is and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if it knew or should have known the information was incomplete or inaccurate, as required by Section 1785.25(a) of the CCRAA.

61. Citadel has violated its obligations under Section 1785.25(a) of the CCRAA by reporting false information that the Loan was past due for multiple months, when the Loan was in fact current. The Loan was not past due, and has never been past due, prior to or after Citadel's provision of the accommodation. Citadel knows this and had knowledge and was fully aware of the inaccurate reporting, but still continued to report the Loan as past due.

62. Every month that Citadel continued to inaccurately report a past due payment is a separate and distinct action of furnishing credit reporting information, and is therefore a separate and distinct violation of California Civil Code § 1785.25(a).

63. Such false and inaccurate reporting has caused Plaintiffs actual damages as set forth in the Statement of Facts, including an inflated interest rate on a refinance

loan that was delayed by Citadel's reporting, and significant emotional distress, loss of sleep, and anxiety.

64. Citadel's violations were negligent at a minimum, as a reasonable person would have known that the Loan payment history was not accurate, factually or legally.

65. Citadel's violations were also willful, in that Citadel acted with knowledge, intent, and such a high degree of risk of committing a legal violation that was higher than mere carelessness, because Citadel received notices from Plaintiffs that the Loan was not past due, and agreed to correct the reporting multiple times but thereafter continued to report the Loan as past due.

## FOURTH CAUSE OF ACTION

## FEDERAL FAIR CREDIT REPORTING ACT

## 15 U.S.C. §1681s-2(b)

## (On Behalf Of Plaintiffs Only)

66. Plaintiffs repeat, re-allege, and incorporate by reference all other paragraphs, as if fully set forth herein.

67. As the furnisher of information to credit reporting agencies, Citadel is and always was obligated to take the following steps upon receiving notice of a dispute by a credit reporting agency, pursuant to 15 U.S.C. § 1681s-2(b)(1)(A)-(E) of the FCRA:

> After receiving notice pursuant to section 1681i (a)(2) of this title of a dispute with regard to the completeness or accuracy of any information provided by a person to a consumer reporting agency, the person shall—
> (A) conduct an investigation with respect to the disputed information;
> (B) review all relevant information provided by the consumer reporting agency pursuant to section 1681i (a)(2) of this title;

(C) report the results of the investigation to the consumer reporting agency;

(D) if the investigation finds that the information is incomplete or inaccurate, report those results to all other consumer reporting agencies to which the person furnished the information and that compile and maintain files on consumers on a nationwide basis; and

(E) if an item of information disputed by a consumer is found to be inaccurate or incomplete or cannot be verified after any reinvestigation under paragraph (1), for purposes of reporting to a consumer reporting agency only, as appropriate, based on the results of the reinvestigation promptly—

    (i) modify that item of information;

    (ii) delete that item of information; or

    (iii) permanently block the reporting of that item of information.

68. Plaintiffs submitted written disputes to Equifax. On information and belief, as required by the FCRA, Equifax notified Citadel about Plaintiffs' disputes.

69. Despite Plaintiffs' disputes explaining that they had made payments on the Loan and it should not be reported as past due, Citadel repeatedly failed to update/modify/delete the inaccurate information.

70. Furthermore, it is clear that Citadel has repeatedly failed to review the loan payment history and correct its reporting despite notifying Plaintiffs in writing that the reporting had been or was going to be corrected, which means Citadel has failed to undertake a reasonable investigation and re-investigation of Plaintiffs' dispute.

**CLASS ACTION COMPLAINT**

71. Consequently, Citadel has violated multiple provisions of 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation of the dispute, and by also failing to update/modify/delete inaccurate information.

72. Plaintiffs are informed and believe that Citadel's violations of §1681s-2(b) were negligent at a minimum, because a reasonable person would have simply reviewed the Loan status and payment history and determined that Citadel's reporting on the Loan was inaccurate.

73. Plaintiffs are also informed and believes that Citadel's violations of §1681s-2(b) were willful, in that it acted knowingly and intentionally, and also recklessly disregarded Plaintiffs' repeated written disputes, including those sent to Citadel directly, and Citadel's own responses to Plaintiffs acknowledging its credit reporting errors, which resulted in their verifying false and inaccurate information.

74. As a result of these negligent and willful violations, Plaintiffs have suffered actual damages as set forth in the Statement of Facts.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that judgment be entered against Citadel, and Plaintiffs be awarded the following legal and equitable relief:

1. Certifying the Classes and pursuant to Federal Rule of Civil Procedure 23, certifying Plaintiffs as the representatives of the Classes, and designating their counsel as counsel for the Classes;

2. Actual and compensatory damages for injuries suffered by Plaintiffs and the Classes;

3. Plus punitive damages of $5,000.00 for each individual violation of the CCRAA, pursuant to California Civil Code § 1785.31(a)(2)(A)-(C);

4. Plus statutory damages of $1,000.00 for each individual violation of the FCRA, pursuant to 15 U.S.C. §1681n(a)(1)(A);

5. Plus punitive damages in an amount to be determined by a jury for willful violations of the FCRA, pursuant to 15 U.S.C. §1681n(a)(2);

**CLASS ACTION COMPLAINT**

6. Injunctive relief ordering Citadel to update the tradeline from Plaintiffs' credit reports and from members of the Credit Reporting Class, and moving forward, not report current accounts in accommodation as past due, pursuant to California Civil Code § 1785.31(b);

7. Reasonable attorney's fees and costs to bring and maintain the instant action, pursuant to the CCRAA, Rosenthal Act, and FCRA.

8. For such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiffs is entitled to, and demands, a trial by jury.

Dated: September 13, 2022    RAY KIM LAW, APC

_____
Raymond Y. Kim
Attorneys for Plaintiffs
Falon Ballard and Matthew Ballard

**CLASS ACTION COMPLAINT**